PER CURIAM.
Vidyawattie Matura (“the mother”) appeals from a final judgment dissolving her marriage to Andrew Griffith (“the father”). The only issue on appeal is the trial court’s decision to allow the father to have visitation with the parties’ two sons in Jamaica, a non-signatory to the Hague Convention of the Civil Aspects of International Child Abduction (“Hague Convention”). The father was deported to Jamaica upon convictions for two batteries (reduced from sexual battery and aggravated battery with a deadly weapon) on the mother and had repeatedly threatened to kidnap the children. Because of the obvious risk factors present, the court required the father to post a $50,000 bond for each child before each visit to discourage him from kidnapping the children and to ensure sufficient funds were available for the mother to retrieve the children if he did not return them. She appeals, arguing that the court’s decision to allow time-sharing in Jamaica was not in the children’s best interests and was not based on competent, substantial evidence. We reverse as to the challenged portion of the final judgment.
First, although the court considered the best interest factors in section 61.13(3), Florida Statutes, it appears to have overlooked section 61.13(2)(c)2., Florida Stat *378 utes, which creates a presumption of detriment to the children when the parent seeking a parenting plan and time-sharing has been convicted of misdemeanor battery involving domestic violence.[1] Additionally, although the trial court’s concern about abduction by the father is well supported by the evidence, its decision to address that concern through a monetary bond is not. Given the fact that Jamaica is not a signatory to the Hague Convention, there is no evidence suggesting that the mother would be able to gain return of the children from Jamaica through legal processes, no matter how much money was available to her from a bond. See Jacqueline D. Golub, The International Parental Kidnapping Crime Act of 1993: The United States’ Attempt to Get Our Children Backr-How Is It Working?, 24 Brook. J. Int’l L. 797 (1999) (“While the Hague Convention has been successful in facilitating the return of many abducted children, it is rendered useless when a child is taken to a country which is not a signatory to the Hague Convention.”). Nor would the evidence support a finding that the bond, standing alone, could deter a potential kidnapping given the father’s demonstrated disregard for the law and repeated threats to take the children from the mother.
For these reasons, we reverse that portion of the final judgment authorizing transportation of the children to Jamaica for visitation with the father, and remand for further proceedings regarding visitation.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
TORPY, C.J., LAWSON and BERGER, JJ., concur.

. Because the undisputed evidence demonstrated that the father was "convicted of a misdemeanor of the first degree or higher involving domestic violence,” a rebuttable presumption of detriment to the child was created. Thus, the trial court was obligated to inform the father of the existence of this presumption, which it did not do, and if the father failed to rebut it, the court was precluded from ordering shared parental responsibility, including time-sharing for the father. Because the trial court failed to consider this provision, its analysis appears to have been incorrectly skewed toward granting time-sharing instead of determining whether the father had overcome the presumption of detriment.